**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **Bankruptcy No. 23-20556-CMB** |
| **RICE ENTERPRISES, LLC,** | : | |
| | : | **Chapter 11** |
| Debtor. | : | |
| ———————————————— | : | |
| | : | |
| **RICE ENTERPRISES, LLC,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | **Adversary No. 23-2048-CMB** |
| | : | |
| **BACKGROUNDCHECKS.COM, LLC,** | : | **Related to Doc. No. 19** |
| | : | |
| Defendant. | : | |
| ———————————————— | : | |

## <u>MEMORANDUM ORDER</u>

When a defendant files a motion to transfer to enforce a forum selection clause, the case should be transferred "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *See Atl. Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 52 (2013) (applying 28 U.S.C. §1404(a)).[1] Here, the Debtor, Rice Enterprises, LLC, filed a three-count *Amended Complaint* against Backgroundchecks.com LLC ("BGC") based on allegations that BGC failed to provide accurate criminal background check information regarding one of Debtor's former employees. Pending before the Court is *Defendant's Motion (I) to Dismiss or Transfer the Amended Complaint for Improper Venue, or, Alternatively, (II) to Dismiss the Amended Complaint under Fed.R.Civ.P. 12(b)(6) for Failure to State a Claim* ("Motion," Doc.

---

[1]      The briefing addressed 28 U.S.C. §§1404 and 1412, and both parties have cited to the Supreme Court's decision in *Atlantic Marine* as applicable to determination of whether the forum selection clause should be enforced. Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1412 is similarly worded, providing that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." As stated in *Atlantic Marine*, where the parties have agreed to litigate their disputes in a certain forum, "[i]n all but the most unusual cases, … 'the interest of justice' is served by holding parties to their bargain." 571 U.S. at 66.

1

No. 19). Following the initial hearing on the Motion, the Court permitted limited discovery on the issue of venue with the intention to first resolve BGC's argument that the action should be transferred based on a forum selection clause. Since that time, and as more clearly set forth in *Rice Enterprises, LLC's Brief in Opposition to the Defendant's Motion to Dismiss or Transfer – Limited to the Issue of Venue* (Doc. No. 63) and BGC's *Reply Brief in Support of Defendant's Motion to Dismiss or Transfer the Amended Complaint – Limited to the Issue of Venue* (Doc. No. 64), the parties have narrowed the issues to those addressed herein.

Pursuant to the identified clause, it is BGC's contention that any suit was required to have been commenced in Texas, and the above-captioned proceeding should be transferred to the appropriate forum. For the purpose of venue determination only, Debtor assumes that the forum selection clause identified by BGC was contained within the Terms & Conditions Debtor accepted when placing its order for the criminal background check at issue in this proceeding. *See* Doc. No. 63 at 3. Debtor argues, however, that (1) it would be unreasonable to enforce the forum selection clause and (2) based on public interest factors, this qualifies as an unusual or extraordinary circumstance where venue should not be transferred. *Id* at 4. After extensive opportunity for briefing on the issue, the Court considers the parties' arguments.

The party resisting the enforcement of a forum selection clause bears a heavy burden and must make a strong showing in support of the alleged unreasonableness. *See Hydak v. Dominion Energy Transmission, Inc.*, No. 2:21-cv-1066, 2022 WL 1423283, at *4, 2022 U.S. Dist. LEXIS 81931, at *10 (W.D.Pa. May 5, 2022). Citing to an opinion of the Fifth Circuit Court of Appeals, Debtor provides four grounds upon which a forum selection clause should be deemed unreasonable and thus unenforceable:

1) The incorporation of the forum selection clause into the agreement was the product of fraud or overreaching;
2) The resisting party will be deprived of its day in court because of the grave inconvenience or unfairness of the preselected forum;
3) The fundamental unfairness of the chosen law will deprive the resisting party of a remedy; or
4) The enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*See* Doc. No. 63 at 5-6 (citing *Haynsworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)). Here, Debtor relies on only one of the above grounds to escape enforcement of the clause, the third

exception alleging fundamental unfairness of the chosen law.[2] That is, Debtor contends it will be deprived of a meaningful remedy *under Texas law*.[3] To the extent this exception is relevant to forum selection clauses, *Haynsworth* did not address it. Instead, the Fifth Circuit addressed challenges under the first and fourth of the above-stated exceptions to enforceability. *See* 121 F.3d at 963. Notably, many courts within the Third Circuit appear to cite to only three grounds to evade enforcement of a forum selection clause, *excluding* the one ground upon which Debtor relies in its brief.[4]

Even if the fundamental unfairness of law is an applicable exception, Debtor nonetheless fails to meet its burden. Debtor argues that, *if BGC's interpretation of Texas law is accurate* (which it does not concede)[5], then Debtor would be deprived of a remedy based on the limitations of liability clauses contained in the Terms & Conditions. However, BGC's brief does not appear to directly address all potentially applicable exceptions to the enforcement of contractual limitations on liability nor would it be expected for BGC to identify such case law in its brief. Notably, in the course of these proceedings, Debtor cited to law in support of its argument that limitation of liability clauses are *not* necessarily strictly enforced by Texas courts. *See* Doc. No. 27 at 6-7 (citing *Mireles v. Tejas Appraisal and Inspection Co.*, No. 04-06-00582-CV, 2007 WL 1826074, at *1,

---

[2]     Notably, just preceding the identification of these four potential circumstances that may demonstrate unreasonableness, the court in *Haynsworth* referred to the Supreme Court's instruction regarding enforcement of *both* forum selection *and* choice of law clauses. *See* 121 F.3d at 962.

[3]     Although Debtor acknowledges the choice of law clause within the Terms & Conditions (providing that the applicable governing law is that of the state of Texas), Debtor reserves its arguments for another day regarding the enforceability of such a provision. *See* Doc. No. 63 at 10 n.3. However, to the extent that Texas law may be applicable regardless of whether the proceeding remains in this Court, the argument as it relates to venue seems less persuasive.

[4]     *See Hydak*, 2022 WL 1423283, at * 4, 2022 U.S. Dist. LEXIS 81931, at *10; *Frutera v. Agrosan Export Spa v. MSC Mediterranean Shipping Co, S.A.*, No. 2:23-cv-00885-MRP, 2024 WL 1363470, at *2, 2024 U.S. Dist. LEXIS 57387, at *7 (E.D.Pa. Mar. 29, 2024); *Peck v. Jayco, Inc.*, 665 F.Supp.3d 607, 613 (D.N.J. 2023); *Polytek Dev. Corp. v. 'Doc' Johnson Enters.*, 532 F.Supp.3d 243, 248 (E.D. Pa. 2021). Even in the adopted Report and Recommendation cited by Debtor, only the three exceptions are listed to the presumed enforcement of a forum selection clause. *See* Doc. No. 63 at 6 (citing *Dick's Sporting Goods, Inc. v. PICC Prop. & Cas. Co.*, No. 2:16-cv-01635-DSC-RCM, 2017 U.S. Dist. LEXIS 119983, at *11, 2017 WL 3268567, at *5 (W.D.Pa. July 28, 2017)).

[5]     As stated, Debtor does not concede that BGC's interpretation of Texas law on this point is correct. *See* Doc. No. 63 at 4-5. Therefore, it is presumed that Debtor has an argument to the contrary, and Debtor simply does not provide the argument in its briefing as that would undermine its position here. Furthermore, even the cases cited in BGC's brief do not appear to stand for the statement that all contractual limitations on liability are enforceable without exception. *See Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 230 (Tex. 2019) (identifying circumstances where damages-limitation clauses may be invalid and against public policy).

3

2007 Tex. App. LEXIS 4958, at *3 (Tex.App. June 27, 2007) and addressing considerations regarding whether certain clauses are unconscionable or against public policy). It appears Debtor may simply be seeking more favorable law.[6] This Court finds no basis to hold that the enforcement of the forum selection clause is unreasonable.

Debtor nonetheless contends that extraordinary circumstances exist in this case to deny transfer. Again, the burden is on the Debtor to establish that transfer based on the forum selection clause is unwarranted. *See Atl. Marine*, 571 U.S. at 63. Only public interest factors may be considered when a forum selection clause is present, such as administrative difficulties resulting from court congestion, the local interest in having a case decided at home, and the interest in having the case tried in the forum that is at home with the law. *See id.* at 62-64 & n.6. Though Debtor is able to identify some local interests in support of its position, the Court finds that these interests do not overwhelmingly favor Debtor. BGC also persuasively argued in favor of transfer on this point. Further, the Court was provided with no convincing basis to find any administrative difficulties would result from transfer based on court congestion. Although Debtor indicates an intention to challenge the choice of law provision in the Terms & Conditions, at this point, the applicable substantive law appears to be that of Texas. This factor does not tip the scales in Debtor's favor. While Debtor argues that this Court is familiar with the claims and defenses asserted in this proceeding, as Debtor is well-aware, all substantive issues have been held in abeyance while this Court first addresses venue. Thus, any alleged delay regarding familiarity with the case is minimal. To the extent Debtor addresses specific bankruptcy-related concerns, within this Circuit, it has been recognized that forum selection clauses are enforced in non-core proceedings despite the strong policy favoring centralization of bankruptcy proceedings in bankruptcy courts. *See Green v. Mitsui Sumitomo Ins. Co.* (*In re TK Holdings, Inc.*), 653 B.R. 33, 46-47 (D.Del. 2023); *Donnelly v. Richner* (*In re Broad St. Media LLC*), No. 17-1450(JNP), 2017 WL 5624879, at *7, 2017 Bankr. LEXIS 4012, at *24 (Bankr.D.N.J. Nov. 20, 2017). Debtor concedes that the argument for maintaining an adversary proceeding in the same forum as the

---

[6]    Notably, in *Atlantic Marine*, the Supreme Court observed that "a plaintiff who files suit in violation of a forum-selection clause…is entitled to no concomitant 'state-law advantages.' Not only would it be inequitable to allow the plaintiff to fasten its choice of substantive law to the venue transfer, but it would also encourage gamesmanship." *See* 571 U.S. at 65. *See also Loveland v. Facebook*, No. 20-cv-6260-JMY, 2021 WL 1734800, at *4, 2021 U.S. Dist. LEXIS 84021, at *11 (E.D. Pa. May 3, 2021) (rejecting plaintiffs' argument that transfer would be less favorable due to the interpretation of applicable law in the Northern District of California).

4

bankruptcy case is not as strong where the proceeding is non-core. *See* Doc. No. 63 at 11-12.[7] Debtor has not convinced this Court that extraordinary circumstances are present to deny enforcement of the forum selection clause.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Motion is **GRANTED IN PART** and only to the extent transfer is requested pursuant to the forum selection clause.

Dated: <u>June 21, 2024</u>

Carlota M. Böhm
United States Bankruptcy Judge

FILED
6/21/24 9:50 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

---

[7]    As set forth in Debtor's Chapter 11 Plan (Case No. 23-20556, Doc. No. 425) confirmed by Order entered March 21, 2024 (Case No. 23-20556, Doc. No. 496), the Plan proposed to pay creditors in full from proceeds of the sale of Debtor's restaurants and the net disposable income from operations until the consummation of the sale. The Court has been advised that the Debtor consummated the sale of assets on May 15, 2024, and sale proceeds would be paid to creditors pursuant to the Plan in the coming weeks. *See* Report of Sale, Case No. 23-20556, Doc. No. 569. It is unclear on what basis the Debtor contends that "this adversary proceeding will have a substantial impact on the administration of this chapter 11 case and on implementation of the Debtor's confirmed Plan." *See* Doc. No. 63 at 21.

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0315–2 | User: auto | Date Created: 6/21/2024 |
| Case: 23–02048–CMB | Form ID: pdf900 | Total: 8 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| aty | David W. Ross | dross@bernsteinlaw.com |
| aty | Kirk B. Burkley | kburkley@bernsteinlaw.com |
| aty | Richard G. Placey | rplacey@mmwr.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| pla | Rice Enterprises, LLC | 5415 Clairton Blvd.    Pittsburgh, PA 15236 |
| dft | Backgroundchecks.com LLC | 100 Centerview Drive    Suite 300    Nashville, TN 37214 |
| ust | Office of the United States Trustee | 1000 Liberty Avenue    Suite 1316    Pittsburgh, PA 15222 |
| ust | United States Trustee | 228 Walnut Street, Suite 1190    Harrisburg, PA 17101 |
| ust | United States Trustee | Office of the U.S. Trustee    833 Chestnut Street    Suite 500    Philadelphia, PA 19107 |

TOTAL: 5