IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICE ENTERPRISES, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-cv-1652-L** |
| | § | |
| **BACKGROUNDCHECKS.COM LLC,** | § | |
| | § | |
| Defendant. | § | |

## <u>WITHRAWAL OF STANDING ORDER OF REFERENCE</u>

On February 4, 2025, the court referred this matter to the United States Magistrate Judge for pretrial management. *See* Standing Order of Reference (Doc. 91). For the reasons that follow, the court determines that this proceeding—transferred to this District by the United States Bankruptcy Court for the Western District of Pennsylvania—should have been automatically referred to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, pursuant to this District's Miscellaneous Order No. 33. Accordingly, the court withdraws the Standing Order of Reference to the magistrate judge so that it may refer the proceeding to the Bankruptcy Court.

## I.

On March 15, 2023, Plaintiff Rice Enterprises, LLC ("Plaintiff" or "Debtor") filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Western District of Pennsylvania. *In re Rice Enterprises, LLC*, Case No. 23-20556 (CMB). Post-petition, Debtor commenced an adversary proceeding against Defendant backgroundchecks.com ("Defendant") alleging, among other things, breach of contract based on Defendant's alleged failure to provide to Plaintiff, upon payment and request, correct and accurate criminal background

**Withdrawal of Standing Order of Reference – Page 1**

information on Plaintiff's former employee. *Rice Enterprises, LLC v. Backgroundchecks.com, LLC*, Adv. No. 23-02048 (CMB) (the "Adversary Proceeding"). *See* Am. Compl. (Doc. 17). Defendant then sought to dismiss the Adversary Proceeding for improper venue or, in the alternative, to transfer venue under 28 U.S.C. § 1412 based on a forum selection clause in the parties' agreement requiring that all disputes be heard in the state or federal courts of Dallas County, Texas. *See* Def.'s Mot. (Doc. 19 at 12-18). The United States Bankruptcy Court for the Western District of Pennsylvania granted the motion to transfer venue and transferred this Adversary Proceeding to the United States District Court for the Northern District of Texas. *See* Mem. Op. (Doc. 66); Transfer Order (Doc. 67).

Following transfer, this proceeding was randomly assigned to United States District Judge Jane Boyle. After she recused herself (*see* Doc. 76), the matter was reassigned to the undersigned. Thereafter, the court referred this matter to the United States Magistrate Judge for pretrial management. *See* Standing Order of Reference (Doc. 91).

## II.

Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all  proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Like most district courts, the Northern District of Texas has issued a standing order of reference. *See* Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc (N.D. Tex. Aug. 3, 1983). Miscellaneous Order No. 33 provides that "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . [are to be] referred to the Bankruptcy Judges of this district for consideration and resolution consistent with

**Withdrawal of Standing Order of Reference – Page 2**

law." *Id.*[*] Further, notwithstanding the automatic referral process in Miscellaneous Order 33, the district court retains discretion to refer cases to the bankruptcy court. *See Matter of Hipp, Inc.*, 895 F.2d 1503, 1514 (5th Cir. 1990).

Here, rather than being automatically referred to the bankruptcy court under Miscellaneous Order No. 33, this matter was randomly assigned to Judge Boyle and, following Judge Boyle's recusal, it was reassigned to the undersigned. Because the Amended Complaint in the Adversary Proceeding asserts claims that "arise[] in" or are "related to a case under Title 11," the bankruptcy court has subject matter jurisdiction and automatic reference to the bankruptcy court is not only appropriate but, pursuant to Miscellaneous Order 33, should have taken place without a court order following the initial transfer to this District from the United States Bankruptcy Court for the Western District of Pennsylvania.

**III.**

For these reasons, the court hereby **withdraws** the Standing Order of Reference (Doc. 91) and **directs** the clerk of court to strike the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 92) and all subsequent pleadings (Docs. 93 through 101). The court will refer this Adversary Proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, by separate order.

**It is so ordered** this 21st day of April, 2026.

Sam A. Lindsay
United States District Judge

---

[*] Miscellaneous Order No. 33 largely mirrors 28 U.S.C. § 1334(b), which confers bankruptcy subject matter jurisdiction on federal courts. *See* 28 U.S.C. § 1334(b) (granting jurisdiction to district courts and adjunct bankruptcy courts to hear proceedings "arising under," "arising in a case under" or "related to" a case under title 11).

**Withdrawal of Standing Order of Reference – Page 3**